IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LONE STAR S&S INC. | § | |
| | § | |
| *vs*. | § | C.A. NO. H – 19 – 474 |
| | § | ADMIRALTY |
| M/V KAI XUAN, *etc*., *et al*. | § | |

## *ORIGINAL COMPLAINT*

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Lone Star S&S Inc. files this Original Complaint against Defendants, the M/V KAI XUAN, *in rem*, and Hai Kuo Shipping 1355 Ltd. ("Hai Kuo") and G2 Ocean AS ("G2"), *in personam*, and for causes of action respectfully will prove by a preponderance of the credible evidence:

1. This action arises from damage and loss to maritime cargos, maritime torts and/or breaches of maritime contracts. Accordingly, the Court has original jurisdiction of this admiralty and maritime claim under 28 U.S.C. §1333(1).

2. Plaintiff is a Texas corporation with its principal place of business in Houston, Texas.

3. On information and belief and at all times material, the M/V KAI XUAN was an ocean–going vessel, registered in the Marshall Islands, bearing International Maritime Organization No. 9452139, weighing approximately 33,689 gross tons, and

engaged in the carriage of cargo to and/or from ports in the United States.

4. On information and belief and at all times material, Hai Kuo owned, chartered, managed and/or operated the M/V KAI XUAN as a common carrier of goods by water for hire between various ports, including the Ports of Pohang, South Korea and Houston.

5. On information and belief, Hai Kuo is a foreign entity not authorized to do business in Texas but, at all times material, did business in Texas by carrying cargo aboard a vessel or vessels to and from Texas, operating and/or managing a vessel or vessels in Texas navigational waters, entering into charter parties, bills of lading and/or other contracts of carriage in Texas, entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas, and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code.

6. On information and belief, Hai Kuo is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code but has not designated or maintained a resident agent in Texas.

7. Alternatively, although Hai Kuo may not be subject to the jurisdiction of the courts of general jurisdiction of Texas or any other state, Plaintiff's action arises under federal law and, on information and belief, Hai Kuo has sufficient national minimum contacts with the United States as a whole.

8. The exercise of personal jurisdiction over Hai Kuo is consistent with the

Constitutions and other laws of the United States and Texas.

9. Accordingly, serving Hai Kuo with a summons is effective to establish personal jurisdiction over it.

10. Hai Kuo can be served by serving the Texas Secretary of State.

11. Process or notice can be sent to Hai Kuo at its home office in care of G2 Ocean AS, Grieg–Gaarden, C. Sundtsgate 17/19, 5004 Bergen, Norway.

12. On information and belief and at all times material, G2 owned, chartered, managed and/or operated the M/V KAI XUAN as a common carrier of goods by water for hire between various ports, including the Ports of Pohang and Houston.

13. On information and belief, G2 is a foreign entity not authorized to do business in Texas but, at all times material, did business in Texas by carrying cargo aboard a vessel or vessels to and from Texas, operating and/or managing a vessel or vessels in Texas navigational waters, entering into charter parties, bills of lading and/or other contracts of carriage in Texas, entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas, and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code.

14. On information and belief, G2 is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code but has not designated or maintained a resident agent in Texas.

15. Alternatively, although G2 may not be subject to the jurisdiction of the

courts of general jurisdiction of Texas or any other state, Plaintiff's action arises under federal law and, on information and belief, G2 has sufficient national minimum contacts with the United States as a whole.

16. The exercise of personal jurisdiction over G2 is consistent with the Constitutions and other laws of the United States and Texas.

17. Accordingly, serving G2 with a summons is effective to establish personal jurisdiction over it.

18. G2 can be served by serving the Texas Secretary of State.

19. Process or notice can be sent to G2 at its home office at Grieg–Gaarden, C. Sundtsgate 17/19, 5004 Bergen, Norway.

20. On or about February 14, 2018, Plaintiff's shipper tendered in good order and condition to Defendants at Pohang cargos of DSAW steel pipe.

21. Defendants agreed safely to receive, handle, load, stow, secure, carry, discharge and deliver at Houston the cargos in the same good order and condition as when received, in consideration of paid freight charges.

22. Defendants acknowledged receipt of the cargos in good order and condition, and accordingly therewith, issued at Seoul one or more bills of lading, including Bills of Lading Nos. GSSW18SEO200ZB, C, D, E, F, H, J, L, P, Q, R, S, T and V, free of exceptions or other notations for loss or damage, and loaded the cargos

aboard the M/V KAI XUAN.

23. On or about April 11, 2018, the M/V KAI XUAN arrived at Houston where Defendants later discharged the cargos, not in the same good order and condition as when received but, on the contrary, much of the cargo was dented, bent, bowed, nicked, gouged, smashed, crushed, out of round, flattened, compressed, chafed, stained, rusted, corroded, contaminated, scratched and/or otherwise physically damaged.

24. The losses proximately resulted from Defendants' respective acts and/or omissions constituting negligence, breach of contract, breach of bailment and/or violation(s) of the duties of a common carrier of goods by water for hire.

25. Alternatively, the loss proximately resulted from the unseaworthiness of the M/V KAI XUAN.

26. Plaintiff proximately has sustained damages exceeding $169,074.95 plus interest dating from February 14, 2018, demand for which has been made upon Defendants, but which they refuse to pay.

27. At all times material, Plaintiff owned the cargos, and brings this action for itself and/or as agent, trustee and/or representative for each subrogated insurer that is or becomes interested in the cargos.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Lone Star S&S Inc. prays that: process in due form of law according to the practices of this Honorable Court in causes of admiralty and maritime jurisdiction issue against the M/V KAI XUAN, her engines, tackle, apparel, furniture, equipment, etc.; all persons claiming an interest therein be required to appear and answer under oath, all and singular, the matters aforesaid; it have judgment for its damages, interest, and costs; the M/V KAI XUAN be condemned and sold to satisfy the damages aforesaid; and,

This Honorable Court adjudge that Defendants, the M/V KAI XUAN, *in rem*, and Hai Kuo Shipping 1355 Ltd. and G2 Ocean AS, *in personam*, are liable to Plaintiff, jointly and severally, for its alleged damages, pre–judgment interest, post–judgment interest, court costs and all other relief as justice and equity allow.

Respectfully submitted,

*SHARPE & OLIVER, L.L.P.*

By _____

Robert C. Oliver
State Bar No. 15255700
S. D. Texas No. 886
5535 Memorial Drive, No. F570
Houston, Texas 77007
Telephone: (713) 864–2221
Facsimile: (713) 864–2228
Email: macknife@macknife.net

ATTORNEYS FOR PLAINTIFF